UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00014-TBR-HBB

JAY RILEY                                                                                    PLAINTIFF

VS.

NEWPENN KILT, LLC                                                                DEFENDANT

**MEMORANDUM OPINION
AND ORDER**

Before the Court is the motion of Plaintiff Jay Riley to compel Defendant NewPenn Kilt, LLC to provide documents in discovery (DN 41). NewPenn has filed a response in opposition (DN 45). No reply has been filed and the matter is ripe for decision.

Background

Tilted Kilt is a franchised casual dining and bar enterprise. Tilted Kilt Franchise Operating, LLC ("TKFO") is the national franchisor. Riley was an area developer in the franchise system, recruiting and supporting franchisees in a defined geographic territory. Riley was compensated through a share of royalties paid by the franchisees to TKFO. Riley sold his area developer rights to NewPenn. Their agreement provided that NewPenn would pay Riley a portion of NewPenn's net income from the franchisees. Further, the parties agreed he would receive 20% of NewPenn's net proceeds if it subsequently sold or assigned the area developer rights to a third party. NewPenn subsequently sold the area developer rights back to TKFO and the parties disagree over whether this resulted in net proceeds to which Riley is entitled a share.

Riley's Motion

Riley propounded a request for production of documents on NewPenn seeking information about the sale or assignment of the area developer agreement:

> Request No. 5: Please produce for copying and inspection any and all correspondence, contract, assignments, or other documents evidencing your sale or assignment of a Replacement Developer Agreement or any party thereof to TKFO.

NewPenn responded as follows:

> Response: Defendant objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it calls for "any and all correspondence, contracts, assignments, or other documents." Subject to and without waiving the foregoing, Defendant will produce responsive, non-privileged documents located after a reasonable search.

(DN 45 PageID # 179).

NewPenn subsequently produced the contract between itself and TKFO regarding the sale of the area developer rights. NewPenn also produced documents related to an offer from a third party to buy NewPenn's area developer rights.

Riley believes that this production is insufficient (DN 41 PageID # 159-62). He notes that NewPenn and TKFO were involved in litigation over money allegedly owed by TKFO to NewPenn on TKFO's purchase of NewPenn's area developer rights. He further contends that NewPenn and TKFO were involved in arbitration over liquidated damages when NewPenn closed three franchise locations operating within the developer territory. Riley asserts:

> The store closures resulted in arbitration between defendant and TKFO whereby defendant was to pay to TKFO a substantial amount of money although a cash buyout allegedly never occurred. Instead, it is plaintiff's understanding, the amount defendant owed TKFO through the arbitration award . . . was offset by the amount of money

> TKFO was to pay to defendant pursuant to the terms of the settlement agreement from the aforementioned litigation.

(DN 41 PageID # 160).

Riley seeks production of the settlement agreement in the litigation between TKFO and NewPenn and the final arbitration award (DN 41 PageID # 159-62). He asserts that NewPenn's objections to the request for production are boilerplate in nature and fail to demonstrate a legitimate basis for withholding the information (Id. PageID # 160-62). He also notes that attempts to reserve objections while at the same time making production can be considered a waiver of the objection (Id.).

### NewPenn's Opposition

NewPenn asserts three arguments against Riley's discovery request: first, the request does not cover the documents Riley now seeks; second, the arbitration award is not in NewPenn's possession or control; third, the documents are not relevant (DN 45 PageID # 180-82).

Turning to NewPenn's first argument, it contends that it has produced the requested documents dealing with its sale of the area developer rights to TKFO. As to the settlement agreement, however, NewPenn asserts that the document does not evidence its sale of the rights to TKFO (Id. PageID # 180-81). As to the arbitration award, NewPenn asserts that the connection is even more tenuous because NewPenn was not a party to the arbitration and it involved proceedings by TKFO against "separate franchisee entities based on individual franchise agreements" (DN 45 PageID # 181).

NewPenn's second argument follows this point, noting that, because it was not a party to the arbitration, the award is not a document contained within its corporate documents or in its possession, custody or control (Id. PageID # 181).

Finally, NewPenn argues that none of the requested documents are relevant to the core issue in the case and it has already produced documents which permit Riley to assess whether NewPenn realized net proceeds from the sale of the area developer agreement to TKFO (Id. PageID # 181-82).

Discussion

The threshold inquiry is to examine precisely what a party has requested. Here, Riley has asked for documents "evidencing the sale or assignment" of the area developer rights to TKFO. The inquiry is relevant, as Riley contends NewPenn received net proceeds from the sale to TKFO to which he is entitled a share. NewPenn has produced those documents it asserts are relevant to the claim[1] and withheld the settlement agreement and arbitration award. The question, then, is whether the withheld documents are within the ambit of documents "evidencing the sale or assignment."

As to the settlement agreement, NewPenn indicates that "NewPenn was forced to sue TKFO to attempt to collect on a note from TKFO that formed consideration for the sale of the area developer rights to TKFO; TKFO had refused to pay on the note" (DN 45 PageID # 178-79). New Penn further explains that "NewPenn's suit against TKFO for collection on the note and TKFO's arbitration against the individual franchisee entities . . . were resolved in one global settlement agreement. The settlement agreement did *not* provide for any consideration to be paid to NewPenn" (Id. PageID # 179) (emphasis in original). It thus appears that TKFO, at least in part,

---

[1] Riley notes that NewPenn's response contains a boilerplate litany of objections but NewPenn provided a response to the request "subject to and without waiving" the objections. "[A] party cannot cloak its answers in without-waiving objections." Aprile Horse Transp., Inc., v. Prestige Delivery Sys., No. 5:13-cv-15-GNS-LLK, 2015 U.S. Dist. LEXIS 86379, at *6 (July 2, 2018 W.D. Ky.). A party either objects to production or produces. If it produces, the objections are generally deemed waived. Id. at *5-6. Here NewPenn has not asserted the objections in opposition to Riley's motion and they are additionally waived for that reason.

4

financed the purchase of the rights through issuing a note in favor of NewPenn. The settlement agreement, also at least in part, deals with the purchase debt which TKFO owed to NewPenn, and, as such, can fairly be characterized as "evidencing the sale or assignment" of those rights.

As to the arbitration award, NewPenn's contention that it was not a party to the proceedings and that the award document is not within its possession, custody or control stands unrebutted. A party is only obligated to produce such documents as are within its possession, custody or control. Fed. R. Civ. P. 34(a)(1).

ORDER

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel (DN 41) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Defendant shall produce to Plaintiff the litigation settlement agreement. Defendant is not required to produce the arbitration award.

January 6, 2020

*H. Brent Brennenstuhl*
**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies to: Counsel of Record