UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00014-TBR

JAY RILEY                                                                     PLAINTIFF

V.

NEWPENN KILT, LLC                                            DEFENDANT

**MEMORANDUM OPINION & ORDER**

This matter is before the Court upon a motion (DN 34) by the Defendant, NewPenn Kilt, LLC, to strike Plaintiff's Expert Witness Disclosure (DN 32) and bar all testimony from Plaintiff's proposed expert, Steve Hawkins, CPA. The Plaintiff, Jay Riley, has responded (DN 37) to the Motion and the Defendant has filed its reply (DN 40). Fully briefed, this matter is ripe for review and for the following reasons, Defendant's Motion to Strike is **GRANTED in part.**

**Background**

This case arises out of Defendant's alleged breach of the terms of an "Amended and Restated Sale and Purchase Agreement," which allegedly provided for the sale of certain area developer rights by Plaintiff to Defendant for the development of a "Tilted Kilt" restaurant franchise in several areas, including Pennsylvania and New York. Although the parties have engaged in written discovery, no depositions have been conducted. (DN 37 at 1). The matter immediately before the Court involves Plaintiff's disclosure of his expert witness, Mr. Hawkins.

Mr. Hawkins is a Certified Public Accountant. Mr. Hawkins is the only expert that Plaintiff has identified.

Plaintiff claims that Mr. Hawkins has been Mr. Riley's accountant for approximately twenty-years and that he is acutely aware of Plaintiff's financial information during the period of time when the agreement that is the subject of this suit was entered into. *Id.* at 2. Plaintiff filed his Expert Witness Disclosure on September 16, 2019. (DN 32). The Disclosure is not accompanied by a written report. The Court has already granted Plaintiff two extensions of discovery deadlines. (DN 20; DN 25).

Defendant argues that Plaintiff's expert disclosure does not include any of the following: (1) a written report prepared and signed by Mr. Hawkins; (2) a complete statement of all opinions Mr. Hawkins will express; (3) the basis and reasons for Mr. Hawkins' opinions; (4) a list of all publications authored by Mr. Hawkins in the previous 10 years; (5) a list of all other cases in which, during the previous 4 years, Mr. Hawkins testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid to Mr. Hawkins for his study and testimony in the case. (DN 34 at 3-4). Defendant therefore argues that Plaintiff's expert disclosure is deficient and that all evidence provided by Mr. Hawkins should be excluded from the Record and from admission at trial.

## Discussion

Pursuant to Rule 26(a)(2)(A)-(B) of the Federal Rules of Civil Procedure, "[a] party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705" and "if the witness is one retained or specially

employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" then the "disclosure must be accompanied by a written report—prepared and signed by the witness" and must include the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the precious 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(A)-(B) (format altered).

Civil Rule 37 dovetails with this requirement: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion "of late or undisclosed evidence is," true enough, "the usual remedy for noncompliance with Rule 26(a) or (e)." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). That is not always the case, however, because Rule 37(c)(1) provides the Court "with the option to order alternative sanctions 'instead of' exclusion of the late or undisclosed evidence 'on motion and after giving an opportunity to be heard'" as well. *Id.* (quoting Fed. R. Civ. P. 37(c)(1)). Under the plain language of Civil Rule 37, then, automatic exclusion is inappropriate.

Defendant argues that the Court should strike Plaintiff's Expert Witness Disclosure and that the Court should bar Mr. Hawkins from testifying because "[t]he disclosure fails to include a report prepared and signed by the expert witness – a mandatory requirement for retained experts."

(DN 34 at 2). Defendant further asserts that the disclosure does not "provide any of the information required to be included in the report, including the basis and reasons for the expert's opinions, and facts and information relied on by the expert." *Id.* Finally, Defendant argues that Plaintiff's failure to disclose is neither harmless nor justifiable. *Id.*

The parties do not dispute whether Plaintiff's expert disclosure was timely. The disclosure was filed with the Court on time. *See* (DN 40 at n. 1). Nor do the parties dispute whether Mr. Hawkins provided a written report. Mr. Hawkins did not provide a report. Instead, Plaintiff argues that Mr. Hawkins is not required to provide a report. Plaintiff also argues that, assuming Mr. Hawkins was required to do so, the failure to provide a report was harmless and justified. The Court will address each of these arguments in turn.

Mr. Hawkins is required to provide a written report. An expert witness must provide a written report if (1) the witness is one retained to provide expert testimony, **or** (2) the witness is specially employed to provide expert testimony in the case, **or** (3) the witness is an employee of the party whose duties regularly involve giving expert testimony. Fed. R. Civ. P. 26(a)(2)(B). The 2010 Advisory Committee Notes clarifies that:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony.

Mr. Hawkins does not fit into any of these exceptions. Plaintiff contends that "[a]s Mr. Hawkins has been employed by plaintiff to perform accountant services for the past twenty years and is not a person that 'regularly provide[s] expert testimony,' Mr. Hawkins arguably qualifies as an expert witness to which the report requirement of subpart B would not apply." (DN 37 at 4). The Court disagrees. Mr. Hawkins is an "outside accountant" and not an employee of Jay Riley.

Mr. Hawkins has been President of Hawkins & Company, Inc., CPA since 1991. (DN 32-1). All of the evidence on the record indicates that Mr. Hawkins' relationship with Plaintiff is that of an independent contractor and Plaintiff has not explained how Mr. Hawkins fits within the legal definition of an employee who is under Plaintiff's direction and control. Preparing business tax returns for Plaintiff does not make Mr. Hawkins an employee of Jay Riley.

Furthermore, the Expert Witness Disclosure confirms that "Mr. Hawkins' opinions and anticipated testimony are based on his experience, education, training, **and his review of the records produced by defendant during discovery** and on his application of generally accepted accounting principles." (DN 32 at 4) (emphasis added). Mr. Hawkins's reliance on the review of records produced by Defendant during discovery indicates that he is retained to provide expert testimony or is specially employed to provide expert testimony in this case. Defendant correctly identifies that "Plaintiff . . . asked Mr. Hawkins to analyze and provide testimony on NewPenn's finances and accounting practices for purposes of this particular case" and "[t]his is a classic example of a *retained* expert, and Mr. Hawkins therefore was required to provide a report." (DN 40 at 2). The Court finds that Mr. Hawkins is required to provide a written report prepared and signed by the witness.

Plaintiff argues, alternatively, that his expert disclosure "substantially complie[s]" with the Federal Rules. Plaintiff argues that he:

> Provided 1) a complete statement of Mr. Hawkins' opinions that he is anticipated to express at the trial of this matter along with the basis and reasons for them; 2) the facts and data Mr. Hawkins reviewed and considered in forming his opinions; and 3) his qualifications to provide the expert testimony. Even absent a written report, if required, defendant has been well apprised of Mr. Hawkins' opinions and conclusions, as well as the bases for those conclusions. . . .

(DN 37 at 5). Plaintiff does not, however, cite to any authority to support his theory that a written report is not required so long as the opposing party is "well apprised" of the expert's opinions and conclusions. On the contrary, "Rule 37 requires 'absolute compliance' with Rule 26(a)." *Storrs v. Univ. of Cincinnati*, No. 1:15-CV-136, 2018 WL 684759, * 9 (S.D. Ohio Feb. 2, 2018) (quoting *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F.Supp.2d 905, 909 (N.D. Ohio 2008)). In this case, Plaintiff's disclosure has failed to satisfy the substantive elements required by Federal Rule of Civil Procedure 26(a)(2)(B). Therefore, Rule 26 "mandates that [the] trial court punish [the] party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citing *Vance v. United States*, No. 98—5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).

Plaintiff's failure to provide a written report is neither justified nor harmless. "Information regarding an expert's qualifications, including his publications and prior testimony, is essential for an opponent to prepare for cross-examination either at a deposition or trial." *Storrs*, 2018 WL 684759, *9 (citing *Sowell v. United Container Mach. Inc.*, Case No. 02-2004-JWL, 2002 WL 31466439, at *2 (D. Kan. Nov. 1, 2002) (explaining that an expert's "publications, compensation, and prior testimony" is essential for the opponent to prepare an adequate defense, and omission of that information is not harmless); *Pineda v. City & County of San Francisco*, 280 F.R.D. 517, 521-22 (C.D. Cal. 2012) (plaintiff's expert's failure to include a list of prior cases in which the expert testified was not harmless because it undermined the ability of the defendant to "properly prepare for an effective deposition or cross-examination" of the expert; *Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 300 (D. Nev. 1998) (failure to disclose prior recorded testimony was not

"harmless" because that information is "designed to give the other party access to useful information to meet the proposed expert's opinions")).

Plaintiff has not satisfied his burden of proving that Mr. Hawkins's failure to provide a written report was harmless or justified. "The burden of proof is on the potentially sanctioned party to prove harmlessness or justification." *Storrs*, 2018 WL 684759, *9. Plaintiff argues that the failure to provide a report was harmless because "defendant has been well apprised of Mr. Hawkins' opinions and conclusions, as well as the bases for those conclusions, which supports plaintiff's argument herein that defendant has not been prejudiced by the lack of a written report from Mr. Hawkins even though Mr. Hawkins may be viewed as the type of person that is not regularly called upon to give expert witness testimony . . . which negates the requirement that a written report was required." (DN 37 at 5). But, as described above, certain specific requirements—such as publications, prior testimony, and compensation—are essential for Defendant to prepare for cross-examination at trial or deposition. *See Storrs*, 2018 WL 684759 at *9. And the Court agrees with Defendant that "there is no explanation of the basis and reasons for Mr. Hawkins's purported conclusions, and no inclusion of the facts and data he relied on to support those conclusions. A legitimate expert report gives opposing counsel a fair basis for cross examination; a mere summary description drafted by counsel, which is what Plaintiff has produced in this case, does not. Accordingly, the disclosure violations here are not harmless." (DN 40 at 6). Plaintiff's disclosure is insufficient to provide Defendant with necessary information to conduct an appropriate cross examination.

Plaintiff has not satisfied his burden of proving that his violation of Rule 26 was harmless. The harm, however, is minimal. There is no longer an imminent jury trial in this case. The absence of a jury trial provides the Court with an opportunity to organize a new schedule, including expert

witness disclosures. During the scheduled February 10, 2020 telephonic conference, the Court will schedule these expert disclosures. The new schedule will mitigate the harm that Plaintiff caused by failing to provide a written report.

Nor has Plaintiff satisfied his burden of proving that his failure to comply with Rule 26 was justified. Plaintiff identifies that Mr. Hawkins suffered an unfortunate loss in his family. The Court is sympathetic to Mr. Hawkins's loss. However, the Court agrees with Defendant that the failure to provide a written report is unjustified because (1) Plaintiff had a significant amount of time to retain an expert, provide relevant documents, and disclose an expert report or (2) if Mr. Hawkins was unavailable, to find another qualified accounting expert to participate in the case. *See* (DN 40 at 6). Discovery in this case has been extended on multiple occasions, yet Plaintiff has failed to satisfy expert disclosure requirements pursuant to Rule 26.

Plaintiff's failure to disclose a written report violates Rule 26 and is neither harmless nor justified. However, the harm caused by this failure is minimal. Furthermore, the counsel who previously represented Plaintiff has left the firm. During the last telephonic conference, an attorney at the firm informed the Court that he was uncertain whether Plaintiff would continue to retain the firm because of the departure of Plaintiff's previous counsel. But on January 22, 2020 Plaintiff filed a motion to substitute attorney Lucas McCall as his representation. (DN 51). Mr. McCall is an attorney at the same firm as Plaintiff's prior counsel. All of these events have added to the delay in this matter. As noted, only written discovery has been provided and no depositions have been taken in this case. This matter is set for a telephonic conference on February 10, 2020 at 9:30 AM. During that telephonic conference the Court shall organize a new schedule including a date for disclosure of expert reports.

Plaintiff should have produced an expert report earlier in this case and this error has caused some harm to Defendant. And although this harm is minimal, the Court is required to sanction Plaintiff. The most common sanction is to exclude the expert's testimony. However, the Court finds a different sanction to be appropriate in this case. The appropriate sanction in this matter shall be the cost to Defendant of filing the motion to strike Plaintiff's expert witness disclosure. This sanction is ordered pursuant to Rule 37(c)(1)(A) which provides, in relevant part, that instead of excluding the expert witness the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A).

### ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED**, Defendant's Motion to Strike (DN 34) is **GRANTED in part**.

(1) The Clerk shall **STRIKE** the Expert Disclosure (DN 32) from the Record;

(2) Plaintiff shall pay Defendant the **reasonable expenses, including attorney's fees,** that Defendant incurred in filing the Motion (DN 34) to Strike Plaintiff's Expert Witness Disclosure;

(3) The Court will organize a new schedule, including expert witness disclosures, during the scheduled February 10, 2020 telephonic conference.

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

January 24, 2020

CC: Counsel of Record